UNITED STATES of America

v.

Gerald Erwin DONALDSON.

Crim. No. 70–478.

United States District Court,
E. D. Pennsylvania.

Jan. 19, 1972.

Louis C. Bechtle, U. S. Atty., Faith R. Whittlesey, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Sanford Kahn, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Gerald Erwin Donaldson was indicted on August 19, 1970 for wilfully and knowingly failing to submit to induction into the Armed Forces, in violation of 50 App. U.S.C. § 462. It is undisputed that when defendant reported as ordered to the induction center on February 15, 1968, he intentionally refused to submit to induction into the Armed Forces.

At the induction center that day, defendant for the first time stated that he was conscientiously opposed to war, presenting a written statement of explanation for his refusal.

The Local Board granted defendant an interview on October 2, 1968, at which time his conscientious objector claim was discussed in some detail. He was told at this interview to take a Selective Service System (SSS) Form 150 for conscientious objectors home with him, and return it completed in a few days. The Board received defendant's completed SSS Form on October 8, 1968, and on October 16, 1968 wrote to him stating that after careful consideration it was decided that his information did not warrant reopening his classification.

Despite the Board's characterization of the proceeding, as a discretionary interview, defendant argues persuasively that the Board had in fact reopened his classification and considered his claims on the merits. Defendant claims that the Board erred in fundamental respects in its processing of his conscientious objection claim.

We have concluded that any alleged deficiencies in the Local Board's handling of his belated conscientious objector claim cannot be considered as a defense to this prosecution. The Local Board simply had no basis in law for giving any consideration to the claim. United States v. Powell, 449 F.2d 706 (C.A. 3, 1971). After a local board has mailed an induction notice to a registrant, it may not reopen the classification unless it "first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." 32 C.F.R. § 1625.2.

Recently the Supreme Court held in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), that a conscientious objector claim which crystallizes in the mind of a registrant after his induction notice is mailed, is not such a circumstance beyond the registrant's control which would permit the board to reopen his classification. Defendant argues that the Ehlert decision should not apply to the facts of this case, where defendant's conscientious objector views crystallized well before his induction notice was sent out, in fact as early as 1964. Of course, if a late maturing conscientious objector belief is not a circumstance beyond the registrant's control which would permit reopening of his classification, a claim fully matured before his induction notice was sent also would not be such a circumstance. Ehlert read together with

**1088**

32 C.F.R. § 1625.2 makes it clear that the Local Board is without power to consider any conscientious objector claim regardless of when it crystallized in the registrant's mind, if submitted to it after it has mailed the registrant an induction notice.

*Ehlert* pointed out that the registrant whose conscientious beliefs crystallized after receiving his induction notice would not be precluded from asserting his claim as an inductee after he had gone into the Army. Since a registrant in that situation has an opportunity to obtain an in-service determination of his claim after he "crosses the line," he is not without a forum. In the situation presented here, however, the registrant could not obtain consideration of his conscientious objector claim once he entered the Army. The applicable Army Regulations and Department of Defense directives for the processing of in-service conscientious objector claims preclude the Army from considering a claim, such as defendant's where his views crystallized before he received his notice of induction. AR 635–20; DOD 1300.6. Thus, we cannot bar court review of defendant's classification by holding that he should have "crossed the line" and entered the Army which would have given full consideration to his claim.

This court is nevertheless barred from considering the merits of defendant's conscientious objector claim because of his complete failure to exhaust any administrative remedies. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). Before induction day itself, defendant at no time made any attempt to communicate to his Local Board that he was conscientiously opposed to war. Yet, he testified that his beliefs had crystallized at least three years before he received his induction notice of February, 1968.

■ His proferred excuse for never approaching the Selective Service System with his beliefs is that he was ignorant of the existence of the conscientious objector status much of that three years, and always confused about particular requirements. I find his testimony simply incredible. He testified that he spent about two years in colleges during this time, and more significant is the fact that he lived in Canada for a few months, where his roommates were United States draft fugitives. Finally, he testified that in late 1967, he spoke at least once with Mr. Arlo Tatum, an eminently experienced draft counselor, at the Central Committee for Conscientious Objectors here in Philadelphia. Defendant expects this court to believe that his "ignorance" suddenly vanished on the day of induction when he informed the authorities at the induction center that he was conscientiously opposed on grounds of religious beliefs to all wars and would file an SS 151 Form for alternate duty. This court is not so ignorant that it will fulfill the defendant's expectations. There is no basis, whatsoever, in this case for a relaxation of the usual exhaustion requirements, therefore defendant is barred from having his claim of conscientious objection considered as a defense to this criminal trial. United States v. El, 443 F.2d 925 (C.A. 3, 1971).

Therefore, I find the defendant guilty of wilfully and knowingly failing to submit to induction in violation of 50 App. U.S.C. § 462.

Defendant shall report for sentencing when ordered to do so.